**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

|                                        |     |                           |
| -------------------------------------- | --- | ------------------------- |
| LEON MOSS,                             | )   |                           |
|                                        | )   |                           |
|                   Petitioner,          | )   |                           |
|                                        | )   | Case No. 4:18 CV 1630 MTS |
| v.                                     | )   |                           |
|                                        | )   |                           |
| JEFF NORMAN,                           | )   |                           |
|                                        | )   |                           |
|                   Respondent.          | )   |                           |

**MEMORANDUM AND ORDER**

This matter is before the Court on Petitioner Leon Moss' Petition under 28 U.S.C. § 2254 for writ of habeas corpus. For the following reasons, Petitioner's § 2254 petition is denied.

**I.      Procedural Background**

Petitioner is currently incarcerated at the South Central Correctional Center in Licking, Missouri. Petitioner was charged in the Circuit Court of St. Louis City with one count of first-degree murder and one count of armed criminal action. A jury found Petitioner guilty on both counts, and the trial court sentenced him to life imprisonment without parole and thirty years run consecutively. Doc. [1] at 1. On August 2, 2016, Petitioner's convictions and sentences were affirmed on direct appeal. *See State v. Moss*, 494 S.W.3d 646 (Mo. Ct. App. 2016).

On October 7, 2016, Petitioner filed a timely *pro se* motion for post-conviction relief under Missouri Supreme Court Rule 29.15 in the Circuit Court of St. Louis City. After being appointed counsel, Petitioner filed a timely amended motion with an attached copy of his *pro se* motion. The circuit court denied Petitioner's amended motion without an evidentiary hearing. Doc. [9–10] at 1. The circuit court also found that Petitioner's *pro se* claims were not properly brought because

1

Rule 29.15(g) forbids incorporating *pro se* claims through attachment to an amended motion. *Id.* at 5.[1]

Petitioner appealed the judgment denying his Rule 29.15 motion for post-conviction relief, and the Missouri Court of Appeals affirmed the judgment of the circuit court on February 20, 2018. *See Moss v. State*, 540 S.W.3d 427 (Mo. Ct. App. 2018). On September 25, 2018, Petitioner filed a petition in this Court under 28 U.S.C. § 2254 for writ of habeas corpus. Doc. [1].

## II.    Factual Background

Angie Young ("Victim") was murdered on August 23, 2011. Doc. [11– 9] at 2. At the time of the murder, Petitioner had pending charges for second-degree domestic assault and armed criminal action for acts he committed against Victim. *Id.* At trial, the State presented evidence that prior to Victim's murder, Petitioner told a group of his associates that he would pay $10,000 to have Victim killed to prevent her from testifying against him in his domestic assault case. *Id.* Petitioner introduced one of his associates, Christopher Spates, to a man named Raymond Jones, and Jones agreed to drive Spates to murder Victim. *Id.*

In the evening of August 23, 2011, Victim pulled her car into a White Castle parking lot in north St. Louis. *Id.* Nearby video surveillance recorded a white truck following Victim's car. *Id.* At around 11:30 p.m., Spates got out of the white truck and started walking towards Victim's car. *Id.* When Spates reached the car's driver side widow, he pulled out a gun and shot it repeatedly through the driver's side window. *Id.* He then ran into a nearby alley and eventually drove off in the white truck. *Id.*

---

[1] After Petitioner filed his *pro se* motion, but before he had filed his amended motion, Rule 29.15(g) was amended to prohibit the incorporation of *pro se* claims through attachment to the amended motion. Doc. [11-9] at 11. Petitioner concedes this point. *Id.*

Victim died at the scene, having been shot numerous times in her head and neck. *Id.* Petitioner was Victim's emergency contact. *Id.* Because Petitioner was listed as Victim's next-of-kin, police called Petitioner and asked to speak with him. *Id.* Petitioner told the police he did not want them to come to his residence, but he agreed to go to police headquarters. *Id.* Petitioner never showed up and eventually told the police he was not coming because his attorney told him he should not go. *Id.* The police began investigating Petitioner for his role in the murder shortly thereafter. *Id.*

The police later found the white truck involved in the murder outside one of Petitioner's properties. *Id.* at 3. The police obtained a search warrant for the truck and found finger and palm prints belonging to Jones and Spates on the truck. *Id.*

Petitioner was tried by jury in a joint trial with co-defendants Spates and Jones. *Id.* The jury found Petitioner guilty of first-degree murder and armed criminal action. *Id.* The trial court sentenced Petitioner to life imprisonment without the possibility of parole for the murder charge and thirty years' imprisonment for armed criminal action, to be served consecutively. *Id.*

## III.   Legal Standard

The proper standard of review for habeas relief is dependent upon whether the ground for relief was deemed procedurally barred or whether the post-conviction state court adjudicated the ground on the merits. *Compare Lonholt v. Iowa*, 327 F.3d 748, 751 (8th Cir. 2003) (giving the standard of review for grounds decided on the merits)*, with Coleman v. Thompson*, 501 U.S. 722, 750 (1991) (giving the standard of review for grounds that the state court determined were procedurally barred). Procedural defaults generally rest upon "adequate and independent state grounds," so defaulted claims are typically barred from obtaining federal habeas review. *Harris v. Reed*, 489 U.S. 255, 262 (1989); *Coleman*, 501 U.S. at 729–31. However, a ground that was

procedurally barred may be reviewed on the merits if the petitioner "demonstrate[s] *cause* for the default and actual prejudice as a result of the alleged violation of federal law." *Coleman*, 501 U.S. at 750. Alternatively, a petitioner can avoid the procedural bar to review if he can show that he is actually innocent and his conviction resulted from a substantial violation of his rights. *Murray v. Carrier*, 477 U.S. 478, 480 (1986).

## IV.    Discussion

Petitioner sets forth nine grounds for relief.  Grounds One through Six were defaulted on direct appeal. Ground Seven was defaulted in state court post-conviction proceedings. Grounds Eight and Ten were decided on the merits in state court post-conviction proceedings. Petitioner contends that Ground Nine was not addressed by the state courts in post-conviction proceedings.

### A.    Grounds Procedurally Barred on Direct Appeal

A federal court may only grant habeas relief to a state prisoner who has exhausted available state remedies. *See* 28 U.S.C. § 2254(b)(1)(A). A prisoner satisfies the exhaustion requirement by properly pursuing a claim throughout the entire appellate process of the state. *Wayne v. Mo. Bd. Of Prob. & Parole*, 83 F.3d 994, 998 (8th Cir. 1996). However, a procedural default may occur in the appellate process when a petitioner fails to comply with state procedural rules in presenting a federal constitutional claim. If defaulted, the state will decline to address the merits of the claim. So long as the default rests upon "adequate and independent state grounds," the petitioner is generally barred from obtaining federal habeas review of the defaulted claim. *Harris*, 489 U.S. at 262; *Coleman*, 501 U.S. at 729–31.

A petitioner can overcome the procedural bar and obtain federal habeas review by demonstrating either: 1) cause for his procedural default and actual prejudice resulting from the

alleged violation of federal law, or 2) that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray*, 477 U.S. at 495–96.

Here, Petitioner procedurally defaulted on Grounds One and Four in state court by not including them in his motion for a new trial pursuant to Missouri Supreme Court Rule 29.11(d), therefore failing to preserve the claims for review. Petitioner's Grounds Two, Three, Five, and Six were defaulted when Petitioner failed to sufficiently brief these claims on direct appeal, violating Missouri Supreme Court Rules 30.06 and 84.04. Petitioner admits these claims were not sufficiently briefed on direct appeal. Doc. [16] at 11.

To excuse the procedural defaults, Petitioner argues ineffective assistance of counsel as cause and prejudice. *Id.* These arguments consist of essentially bare assertions. Petitioner's most robust cause and prejudice argument is that "counsel's performance was constitutionally ineffective" and that "but for counsel's deficient performance," the ground(s) would have been preserved for review, therefore changing the outcome of the direct appeal. *Id.*

 Petitioner's cause and prejudice arguments neither allege specific facts nor provide reasoning for his ineffective assistance of counsel claims. To successfully excuse the procedural default, Petitioner would need to demonstrate more than attorney error, but that the attorney's conduct fell below the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *Cagle v. Norris*, 474 F.3d 1090, 1099 (8th Cir. 2007). Petitioner's conclusory allegations do not meet the burden of overcoming the strong presumption created by *Strickland* that counsel acted reasonably. *See Strickland*, 466 U.S. at 688 ("[T]he court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.").

Petitioner also pleads that he is actually innocent, therefore manifest injustice will result if his procedural defaults are not excused. Doc. [16] at 4. To excuse procedural default on the basis of actual innocence, the petitioner must "demonstrate that new evidence unavailable at the time of trial makes his actual innocence of the crime sufficiently likely to warrant consideration of his procedurally barred claims." *Malone v. Vasquez*, 138 F.3d 711, 719 (8th Cir. 1998) (citing *Schulp v. Delo*, 513 U.S. 298, 315 (1995)). Actual innocence is sufficiently likely when "it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Schulp*, 513 U.S. at 327. Petitioner states that since trial, Petitioner has become aware that witness Darryl Clemons was indicted in connection with two murders in 2010. Doc. [16] at 6. While this evidence, if deemed admissible, might have undermined Clemons' credibility, this evidence concerning Clemons' connection to other murder investigations put forth by Petitioner as *proof* of his actual innocence does not make it sufficiently likely that no reasonable juror would have convicted him in light of this new evidence. As such, the evidence does not warrant consideration of the procedurally defaulted claims.

Because Petitioner showed neither cause and prejudice nor actual innocence in his conclusory and threadbare arguments, Petitioner's Grounds for relief One through Six are procedurally barred from further review.[2] However, we briefly turn to each ground on the merits. For claims that were reviewed by the state courts on the merits despite the procedural bar, habeas relief is permissible only if the state court's determination resulted in a decision contrary to or an

---

[2] Petitioner also claims that the state court did not sufficiently and explicitly rely on the procedural bar because it gratuitously addressed the merits. Doc. [16] at 11 (citing *Harris v. Reed*, 489 U.S. 255 (1989)). The holding in *Harris* does not apply to Petitioner's case. In *Harris*, the state court never explicitly stated the procedural bar, only suggesting that the petitioner's claims could have been raised on direct review. *Harris*, 489 U.S. at 266. In contrast, the Missouri Court of Appeals, in each instance, stated the reason for Petitioner's default and the court's reliance on the procedural bar with specificity and clarity.

unreasonable application of clearly established federal law or in a decision based on an unreasonable determination of the facts. § 2254(d)(1)–(2).

**Ground One: Petitioner alleges he was deprived of his right to present a complete defense and due process of law under the Sixth and Fourteenth Amendments of the United States Constitution when the trial court denied his defense counsel access to federal investigative documents and proffers involving witness Darryl Clemons ("Clemons"). Petitioner alleges the federal materials contained evidence that could have been used to attack Clemons' credibility as a witness, since Clemons had agreed to become a cooperating witness in a federal prosecution. Doc. [1–3] at 1.**

**Ground Four: Petitioner alleges he was deprived of his right to a fair trial and due process of law under the Sixth and Fourteenth Amendments of the United States Constitution when the trial court overruled his objection to the testimony of Clemons regarding hearsay admission of codefendant's White and Spates in violation of the co-conspirator exception. Doc. [1–3] at 2.**

**Ground Six: Petitioner alleges he was deprived of his right to a fair trial and due process of law under the Sixth and Fourteenth Amendments of the United States Constitution when the trial court denied him of his ability to cross-examine Clemons regarding an incident where he threw a woman from a moving vehicle. Doc. [1–3]at 2.**

In these three Grounds, Petitioner alleges a violation of his Confrontation Clause rights flowing from the Sixth and Fourteenth Amendments. The Sixth Amendment to the United States Constitution mandates that a criminal defendant has the right "to be confronted with the witnesses against him."  U.S. Const. amend. VI. The Supreme Court has emphasized that "the Confrontation Clause guarantees an opportunity for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish." *Newton v. Kemna*, 354 F.3d 776, 781 (8th Cir. 2004) (quoting *Delaware v. Fensterer*, 474 U.S. 15, 20 (1985)). Thus, "trial judges retain wide latitude . . . to impose reasonable limits on . . . cross-examination." *Newton*, 354 F.3d at 781 (quoting *Delaware v. Van Arsdall*, 475 U.S. 673, 679 (1986)). Further, when it comes to trial court error, "the general rule is that only issues of constitutional magnitude are cognizable in habeas corpus." *DeBerry v. Wolff*, 513 F.2d 1336, 1338 (8th Cir. 1975). As such, to succeed in his claims, Petitioner must show a "fundamental defect which inherently results in a

complete miscarriage of justice." *Id.* (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)(citations omitted)).

Ground One was not included in Petitioner's motion for new trial, and so was not preserved for review by the Missouri Court of Appeals. Doc. [11–5] at 7. Despite this procedural bar, the Missouri Court of Appeals evaluated Ground One on the merits on direct appeal. *Id.* The court affirmed the trial court's denial of access to the federal materials connected to Clemons, reasoning that the trial court, after reviewing the federal materials twice over, properly characterized the records as confusing, only tangentially relevant to the murder of Victim, and containing no exculpatory evidence. *Id.* Specifically, the court of appeals provided that "[t]he trial court perfectly characterized the records" as a "cornucopia" of various ongoing federal criminal investigations, and that the information contained therein was a "morass, a swamp that [the court] [did not] want to go into." *Id.* at 8. The court of appeals' decision was neither contrary to federal law nor based on an unreasonable determination of the facts. The trial court acted within its discretion by imposing reasonable limits on cross-examination. Petitioner's Ground One is denied.

On direct appeal, Petitioner failed to include the applicable standard of appellate review for Ground Six, thereby failing to preserve it for review. *Id.* at 15. Despite this procedural bar, the Missouri Court of Appeals evaluated Ground Six on the merits. *Id.* The court affirmed the trial court's decision to preclude Petitioner from cross-examining Clemons regarding the alleged incident where Clemons threw a woman out of a moving vehicle. *Id.* at 16. The court reasoned that the trial court was "well within its discretion" to preclude the evidence to prevent misleading the jury by potentially impeaching Clemons on his general moral character. *Id.* at 16–17. The court of appeals' decision was neither contrary to federal law nor based on an unreasonable determination

8

of the facts. The trial courts acted within its discretion by imposing reasonable limits on cross-examination. Petitioner's Ground Six is denied.

In Ground Four, Petitioner alleges his Confrontation Clause rights were violated when the trial court allowed Clemons to recite statements from White and Spates in his trial testimony, adding substantial weight to the prosecution's case in a form not subject to cross-examination. Doc. [16] at 27. Ground Four was not preserved for review because it was deemed abandoned by the Missouri Court of Appeals on direct review. Doc. [11–5] at 14. Petitioner raised the argument in a point relied on but did not develop it in the point's argument section. *Id.* Further obscuring Petitioner's argument from the Court of Appeal's review, Petitioner referred to Clemons' hearsay testimony in the point relied on, and a Mr. Gomillia's hearsay testimony in the argument section. *Id.* Due to these defects, the Missouri Court of Appeals was unable to review this point on the merits on direct appeal. *Id.*

This Court went forward and reviewed all of Clemons' testimony. This Court found that Petitioner was given a sufficient opportunity to cross-examine and impeach Clemons' testimony and did so by questioning Clemons about his deal with federal authorities, Clemons' drug and alcohol use at the time of the crimes, and his history of lying. *See* Doc. [18-2] at 384-672. Petitioner fails to show that any alleged trial court error was so impactful as to fatally infect the proceedings and render the entire trial fundamentally unfair. Petitioner's Ground Four is denied.

**Ground Two: Petitioner alleges he was deprived of his right to a fair trial and due process of law under the Sixth and Fourteenth Amendments of the United States Constitution when the trial court denied Petitioner's request for a mistrial after Clemons testified that Petitioner had previously served time in prison and had been involved in drug dealing. Doc. [1–3] at 1.**

Ground Two was procedurally defaulted on direct appeal when Petitioner failed to cite to the record in support of this argument. Doc. [11–5] at 9. Despite not being preserved for review

due to Petitioner's briefing defects, the Missouri Court of Appeals reviewed Clemons' testimony regarding Petitioner's prison time and drug use and found no prejudice. *See id.* at 9–12.

Generally, under Missouri law, "evidence of uncharged crimes, wrongs, or acts ... is inadmissible for the purpose of showing the propensity of the defendant to commit such crimes." *State v. Harris*, 870 S.W.2d 798, 810 (Mo. banc 1995). When reviewing a claim of inadmissible prior bad-act testimony, the state courts look to five factors to determine whether the admission of the testimony resulted in prejudice to the defendant. *State v. Goff*, 129 S.W.3d 857, 866 (Mo. banc 2004). The factors are

> 1) [w]hether the statement was, in fact, voluntary and unresponsive to the prosecutor's questioning or caused by the prosecutor; 2) whether the statement was singular and isolated, and whether it was emphasized or magnified by the prosecution; 3) whether the remarks were vague and indefinite, or whether they made specific reference to crimes committed by the accused; 4) whether the court promptly sustained defense counsel's objection to the statement, and instructed the jury to disregard the volunteered statement; and 5) whether, in view of the other evidence presented and the strength of the State's case, it appeared that the comment played a decisive role in the determination of guilt.

*Id.* at n.7 (citations omitted). Applying these factors, the court of appeals found no prejudice resulted from Clemons' statements about Petitioner's prison time and drug dealing because "[i]n each instance, the statements were volunteered [by Clemons], isolated, and never used by the prosecution." Doc. [11–5] at 9–12.

The only piece of Clemons' testimony not adjudicated by the state court was when the prosecution asked why Petitioner wanted Victim murdered, and Clemons responded "[o]ver [Petitioner] beating [Victim] up." Doc. [18-2] at 410. After a sidebar regarding the propriety of this statement, the prosecution moved Clemons away from the topic and did not return to it. *Id.* at 415. This statement was also volunteered by Clemons, isolated, and never used by the prosecution.

10

The findings the court of appeals made in its *ex gratia* merits review of these claims were neither contrary to federal law nor an unreasonable determination of the facts. Considering the totality of the facts in Petitioner's case and the overall fairness of his trial, the admission of statements made by Clemons were not so influential as to fatally infect Petitioner's trial and deprive him of fundamental fairness. The statements were isolated, volunteered by the witness, and not used by the prosecution, and at least one of the statements was corrected with a jury instruction. Petitioner's Ground Two is denied.

**Ground Three: Petitioner alleges he was deprived of his right to a fair trial and due process of law under the Sixth and Fourteenth Amendments of the United States Constitution when the trial court denied his motion to sever his trial from his codefendants Donald White ("White") and Christopher Spates ("Spates"). Doc. [1–3] at 1.**

Petitioner contends his trial should have been severed for two reasons: (1) because the evidence admitted against him at the joint trial would have been inadmissible in a separate trial; and (2) because he and White had mutually antagonistic defenses. *Id.* at 22–26.

Ground Three was not preserved for review and was procedurally defaulted on direct appeal because Petitioner failed to support his first argument with citations to the record and because he failed to include the mutually antagonistic defense argument in his motion for new trial. Doc. [11–5] at 4–5. The Missouri Court of Appeals reviewed Ground Three on the merits despite the procedural bars. *Id.* at 3–6. The court concluded that "[Petitioner] failed to show that he was prejudiced by the joint trial." *Id.* at 6. As to Petitioner's argument that evidence admitted against him would have been inadmissible if he had a separate trial, the court determined "the trial court explicitly instructed the jury not to consider the complained-of evidence against [Petitioner] . . . and the instruction was sufficient to keep the jury from considering the evidence against [Petitioner]." *Id.* at 5. Regarding Petitioner's mutually antagonistic defense argument, the court

11

found that "…the two defenses were fully consistent with one another. Accepting one defense would not preclude the acquittal of the other defendant." *Id*. at 6.

Petitioner bears a "heavy burden" in challenging the trial court's failure to sever his trial from that of his codefendant. *Hollins v. Dep't of Corr., Iowa*, 969 F.2d 606, 608 (8th Cir. 1992). Regardless of the state law governing severance in state trials, this Court will not grant relief to a habeas petitioner on this issue unless he can establish that the failure to grant severance rendered the trial "fundamentally unfair." *Id.* (quoting *Johnson v. Dugger*, 817 F.2d 726, 728 (11th Cir. 1987)). The trial court made scrupulous efforts to instruct the jury about compartmentalizing evidence and about the possibility of both defenses succeeding. Petitioner did not present arguments or evidence that met the "heavy burden" of establishing that the failure to grant severance rendered the trial "fundamentally unfair." *Hollins*, 969 F.2d at 608. The Missouri Court of Appeals' decision was neither contrary to clearly established federal law nor an unreasonable determination of the facts. Petitioner's Ground Three is denied.

**Ground Five: Petitioner alleges he was denied his right to due process and a fair trial under the Sixth and Fourteenth Amendments to the United States Constitution when the trial court, over Petitioner's objection, allowed Clemons to testify that Petitioner was present and remained silent during conversations between Spates and White. Doc. [1–3] at 2.**

Ground Five is listed in Petitioner's §2254 Petition, but not elaborated upon. Doc. [1–3] at 2; Doc. [16] pp. 23–27. Assuming that this is what the court of appeals refers to as Petitioner's "tacit admission claim," it appears the ground was procedurally barred for lacking citations to the record on direct appeal, Doc. [11–5] at 13, however during post-conviction proceedings, the court attempted to review it on the merits regardless. Doc. [11–9] at 10. Despite the court of appeals' best efforts, it was unable to identify Petitioner's argument as to why the claim would have changed the outcome of Petitioner's direct appeal and the specific testimony that would serve as the factual basis of the claim. *Id.* at 10–11. Because Petitioner failed to elaborate on this ground in

his petition to this Court, we are also unable to evaluate the merits of the claim. Petitioner's Ground

Five is denied.

## B.   <u>Grounds Procedurally Barred During Post-Conviction Stages</u>

**Ground Seven: Petitioner asserts he was denied his right to due process and effective assistance of trial counsel under the Fifth and Fourteenth Amendment when his trial counsel failed to preserve for appeal a claim that the trial court erred in denying his motion to compel disclosure of all plea deals, cooperation agreements or promises of leniency related to Clemons. Doc. [16] at 35.**

In reviewing the circuit court's denial of post-conviction relief for Petitioner, the Missouri

Court of Appeals held that Ground Seven was procedurally defaulted because it materially differed

from the related argument raised in his amended motion for post-conviction relief to the circuit

court. Doc. [11–9] at 6. In Petitioner's amended motion for post-conviction relief to the circuit

court, Petitioner argued that "counsel's alleged error . . . prejudiced him because it prevented his

claim from being properly preserved." *Id.* at 5. Failure to preserve arguments (rather than

arguments that counsel's conduct or omission affected the outcome of the trial) are not cognizable

in post-conviction motions, *see Jones v. State*, 514 S.W.3d 72, 83 (Mo. Ct. App. 2017), so the

circuit court denied the point. Doc. [11–9] at 5. On appeal of the circuit court's decision, Petitioner

instead argued that he was prejudiced because but-for the omission of his argument from the

motion for new trial, the trial court would have granted it. *Id.* at 6.

Petitioner claims that changing his argument on appeal of the circuit court's decision was

not in fact a procedural default, but instead allowable as a specification or narrowing of his

previous argument. Doc. [16] at 32. The court of appeals found that Petitioner did not specify his

argument, but rather materially altered it, in an attempt to cure the defect in his previous motion.

*See* Doc. [11–9] at 5–6.

Because Petitioner does not accept that this Ground was procedurally defaulted in the post-

conviction stage, Doc. [16] at 36, he does not attempt to excuse the default by arguing that his

13

post-conviction counsel was ineffective. Rather, Petitioner's excuse for procedural default, like many of the other grounds, is made through a cross-reference to the cause, prejudice, and innocence arguments given in Ground Two, which allege ineffective assistance of *trial* counsel. Further, the excuses for procedural default arguments made by Petitioner are not applicable to the actual procedural default at issue. Regardless, we briefly turn to the merits of the claim.

In Petitioner's post-conviction hearing, the court of appeals reviewed this claim on the merits despite the procedural bar and held that the trial court did not err in denying Petitioner's motion to compel discovery. Further, the court predicted that even if Petitioner's trial counsel had included the claim in Petitioner's motion for new trial, it would not have affected the outcome of his trial or direct appeal. Doc. [11–9] at 6. Petitioner argues that this contention is an unreasonable application of the holding in *Delaware v. Van Ardall*, 475 U.S. 673 (1986).

To prevail on an ineffective assistance of counsel claim, a petitioner must show that his attorney's performance fell below an objective standard of reasonableness and that he was prejudiced thereby. *Strickland*, 466 U.S. at 688. There is a strong presumption that counsel's conduct falls within the wide range of professionally reasonable assistance, and the defendant carries the burden to show otherwise. *Id.* at 689; *Burt v. Titlow*, 571 U.S. 12, 22–23 (2013) (quoting *Strickland*, 466 U.S. at 690). "When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard." *Harrington v. Richter*, 562 U.S. 86, 105 (2011). When a state court makes a prediction as to whether there was prejudice, federal courts must give it substantial deference if the state court's decision was neither contrary to clearly established law nor an unreasonable application of *Strickland*. *Williams v. Roper*, 695 F.3d 825, 831 (8th Cir. 2012).

14

The facts of *Van Ardall* are distinguishable from those at hand. In *Van Ardall*, the trial court was found to have erred when it prohibited the defense all inquiry into the possibility that defendant would be biased. *Van Ardall*, 475 U.S. at 679. In contrast, Petitioner's trial counsel was given ample time to cross-examine Clemons and continuously pressed Clemons about his agreements with federal authorities. *See* Doc. [18-2] at 392-472. Accordingly, we defer to the prediction of the court of appeals that if the claim had been included in Petitioner's motion for new trial, it would not have affected the outcome of his trial or direct appeal. Additionally, this Court finds that Petitioner's counsel fell within the realm of professionally reasonable assistance.

Petitioner did not successfully show that the decision of the court of appeals was contrary to clearly established law or an unreasonable application of *Strickland*. Petitioner's Ground Seven is denied.

### C.    Grounds Denied on the Merits in State Court Post-Conviction Proceedings

The court of appeals reviewed Grounds Eight and Ten on the merits in post-conviction proceedings. When this Court undertakes a merit analysis of habeas claims, this Court must give deference to the post-conviction motion courts' findings. *Weaver v. Bowersox*, 241 F.3d 1024, 1031 (8th Cir. 2001). Accordingly, habeas relief is permissible only if the state court's determination resulted in a decision contrary to clearly established federal law or was based on an unreasonable determination of the facts. § 2254(d)(1)–(2).

**Ground Eight: Petitioner claims he was denied his right to due process, a fair trial, and effective assistance of counsel under the Sixth and Fourteenth Amendments to the United States Constitution, in that his appellate counsel failed to properly raise on appeal four claims of trial court error. Doc. [16] at 38.**

Despite briefing defects, the court of appeals reviewed all four points raised by direct appeal appellate counsel on the merits and found no error. Doc. [11–9] at 10. Because the court of appeals reviewed the points on the merits, no prejudice resulted from the alleged error. *Id.* This

Court finds that this is a reasonable application of *Strickland*; because no prejudice resulted from counsel's alleged errors, Petitioner cannot make out a successful ineffective assistance of counsel claim.

Because the court of appeals adjudicated Ground Eight on the merits, and this Court finds the state court's decision to be a reasonable application of clearly established federal law and a reasonable determination of the facts, Petitioner's Ground Eight is denied.

**Ground Ten: Petitioner asserts he was denied his right to due process and effective assistance of counsel under the Sixth and Fourteenth Amendment to the United States Constitution, in that his trial counsel failed to continuously object to the testimony of Detective Kaiser regarding identification of two unconfirmed phone numbers belonging to Holmes and Jones and in allowing the records into evidence. Doc. [16] at 46.**

The court of appeals held that the record was replete with trial counsel's objections to Detective Kaiser's testimony regarding the cell phone records and numbers. Doc. [11–9] at 9. The court also held that the phone records were likely admissible as business records, which is how they were filed. *Id.* (citing *State v. Dunn*, 7 S.W.3d 427, 431 (Mo. Ct. App. 1999)). The court of appeals reasonably interpreted the record as contradicting Petitioner's contention that trial counsel did not continuously object and reasonably found that no prejudice resulted from the records being entered into evidence because the records were likely admissible.

Because the court of appeals adjudicated Ground Ten on the merits, and this Court finds the state court's decision to be a reasonable application of clearly established federal law and reasonable determination of facts, Petitioner's Ground Ten is denied.

### D.    Grounds not Addressed by the Appellate Court

Petitioner does not contend that Ground Nine was procedurally barred or adjudicated on the merits, but rather, ignored altogether by the state courts during post-conviction proceedings. Doc. [16] at 43. As the record is unclear, we will briefly address Ground Nine.

**Ground Nine: Petitioner asserts he was denied his right to due process and effective assistance of counsel under the Sixth and Fourteenth Amendments to the United States Constitution in that his appellate counsel failed to properly raise on appeal a claim that the trial court erred in denying his motion for severance. Doc. [16] at 43.**

To establish ineffective assistance of appellate counsel, Petitioner must show that appellate counsel's performance fell below an objective standard of reasonableness and that the deficient performance prejudiced his defense. *See Strickland*, 466 U.S. at 687; *Harris v. Missouri*, 960 F.2d 738, 740 (8th Cir. 1992) (applying the two-part *Strickland* analysis to appellate counsel). Prejudice, within the meaning of *Strickland*, occurs when appellate counsel's deficient performance renders the result of the direct appeal unreliable or fundamentally unfair. *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993).

Here, Petitioner must show that appellate counsel's failure to raise the claim that the trial court erred in denying his motion for severance undermines this Court's confidence in the result of the direct appeal. On direct appeal, despite briefing errors, the court of appeals reviewed this claim on the merits and found that the trial court did not err in denying the motion for severance. Doc. [11–5] at 3–6. This decision was also affirmed in Petitioner's post-conviction appeal. Doc. [11–9] at 10. Furthermore, this Court has already determined that the trial court did not violate any of Petitioner's constitutional rights when it did not grant Petitioner's motion for severance. *Supra* pp. 9–11. Because no prejudice resulted, Petitioner's ineffective assistance of appellate counsel claim fails. Petitioner's Ground Nine is denied.

## <u>CONCLUSION</u>

Accordingly,

**IT IS HEREBY ORDERED** that the petition of Leon Moss for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DENIED**.

**IT IS FINALLY ORDERED** that the Petitioner has not made a substantial showing of a

denial of a constitutional right and this Court will not grant a certificate of appealability.

A separate judgment in accordance with the Memorandum and Order is entered this same date.

Dated this 9th day of December 2021

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE

18